**James N. DECKARD, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1–1280A354.**

Court of Appeals of Indiana, First District.

Sept. 8, 1981.

James E. Ayers, Wernle, Ristine & Ayers, Crawfordsville, for appellant.

Linley E. Pearson, Atty. Gen., Frederick N. Kopec, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

James N. Deckard (Deckard) appeals his convictions of possession of marijuana, a Class A misdemeanor, and maintaining a common nuisance, a Class D felony. Deckard was tried by a jury and found guilty of both counts.

We reverse and remand.

The underlying facts in this case establish that Joey Moore (Moore), a minor, was temporarily residing at Deckard's house trailer because he had been evicted from his apartment. Moore had previously signed a ."4th Amendment Waiver of Rights as Condition to Probation" in an informal delinquency determination. Moore's mother, as well as his probation officer, were present when Moore signed the document, but it was not signed by Moore's mother. The waiver of a juvenile's rights is authorized by Ind.Code 31–6–7–3. Moore's waiver was limited to searches for intoxicating liquor and controlled substances.

Moore was suspected of stealing a gun from a Crawfordsville residence. Armed with Moore's waiver, the police went to Deckard's trailer. They knocked on the door and asked if Moore was present. Moore's girl friend answered the door and told the officers that Moore was not there. She attempted to close the door, but the police forced their way inside where they found Moore. The police then proceeded to search the entire trailer, including the separate bedroom of Deckard. The police testified they smelled marijuana emanating from the trailer when they were at the door. Upon searching the trailer, the police found marijuana and paraphenalia.

Because we reverse, we need only to discuss whether the waiver document was ineffective; and if the document was effective, whether it would only be effective against Moore and not Deckard.

■ The waiver executed by Joey Moore was defective and did not comply with the requirements of IC 31–6–7–3. This section, in relevant part, provides:

Waiver of rights.—(a) Any rights guaranteed to the child under the Constitution of the United States, the Constitution of Indiana, or any other law may be waived only:

(1) By counsel retained or appointed to represent the child, if the child knowingly and voluntarily joins with the waiver; or

(2) By the child's custodial parent, guardian, custodian, or guardian ad litem if;

(A) That person knowingly and voluntarily waives the rights;

(B) That person has no interest adverse to the child;

(C) Meaningful consultation has occurred between that person and the child; and

(D) The child knowingly and voluntarily joins with the waiver.

The above section permits the waiver of a juvenile's rights by either the juvenile's counsel or his parent or guardian. It does not authorize a minor to waive his own rights. Strict compliance with the requirements of this section is necessary to safeguard the rights of juveniles. Although Moore's mother was present when Moore signed the waiver, there is nothing from the face of the waiver to establish that Moore's mother knowingly and intelligently waived his rights. The waiver was improperly executed and the search based on that waiver, was therefore illegal.

■ Deckard is also correct in arguing that the search by the police exceeded the scope of the Moore waiver. It is well established that a search warrant must particularly describe "the place to be searched, and the person or thing to be seized." *Mann v. State,* (1979) Ind.App., 389 N.E.2d 352. We believe that the legal standards protecting the public against unreasonable searches and seizures are analogous to juvenile waivers. The Moore waiver authorized the police to search Moore's person or property for intoxicating liquors or controlled substances. It did not authorize a search for stolen weapons at Deckard's trailer or Deckard's separate bedroom within that trailer, and thus, the search was beyond the scope of the waiver.

The waiver was invalid because it was improperly executed, and even if the waiver had been properly executed, the search exceeded the scope of the waiver. The evidence and the arrest were therefore incident to an illegal search.

This case is reversed and remanded for proceedings not inconsistent with this opinion.

NEAL, P. J., concurs.

RATLIFF, J., concurs in result.