In the Matter of Alfredia Denise BORUM, Appellant (Respondent below),

v.

STATE of Indiana, Appellee (Petitioner below).

No. 2–681A196.

Court of Appeals of Indiana, Second District.

April 29, 1982.

Donald R. Lundberg, Kenneth J. Falk, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Alfredia Denise Borum, a minor, appeals the trial court's determination she is a delinquent child. I.C. 31–6–4–1 (Burns Code Ed., Repl. 1980). The following issues are raised on appeal:

1) Whether Borum's waiver of rights complied with the requirements of I.C. 31–6–7–3; and

2) Whether the trial court abused its discretion in assessing a $30 docket fee without inquiring whether Borum was indigent.

Reversed and remanded.

Fifteen year old Alfredia Denise Borum, a ward of the Marion County Department of Public Welfare, was housed at the Marion County Children's Guardian Home. On August 25, 1980 the Department of Public Welfare filed a petition, supported by probable cause affidavit, alleging Borum committed a delinquent act, to wit, leaving home without the authorization of her legal guardian. A Department of Public Welfare caseworker, Beth Stewart, signed both the supporting affidavit and the petition.

An initial hearing was held before the court on August 25. The Department of Public Welfare, the child's legal guardian, was represented by the caseworker, Beth Stewart, and a department attorney. Borum's parents were not present. Prior to the hearing, Borum and the caseworker both executed two documents acknowledging Borum had been advised of her rights. The child and the caseworker also waived the three day waiting period between service of summons and the initial hearing. Borum then indicated a willingness to proceed without assistance of counsel and admitted the allegations of the petition.

At the disposition hearing held October 8, 1980 the court placed Borum on probation and ordered her to pay a $30 docket fee to the clerk of the court no later than November 19. Borum failed to pay the sum and at a hearing on November 19 she was ordered incarcerated at the Juvenile Detention Center until November 23 in lieu of payment. However, on November 21, after finally

obtaining legal counsel, Borum's motion for release from the detention center was granted. Her freedom was shortlived. On January 13, 1981 the court ordered Borum to work the necessary number of hours at the Juvenile Court Building in order to satisfy the docket fee. This additional obligation was ordered despite the fact the child had previously spent several days at the detention center for failure to pay the required sum. There is no indication she received credit toward the satisfaction of the fee for the time she was incarcerated. On February 20, 1981, after the trial court determined Borum performed the requisite number of hours working at the Court Building, the matter was closed. This appeal ensued.

### I

When Borum admitted the allegations of the petition, she waived various statutory and constitutional rights.[1] She contends the waiver of rights was defective in that it did not comply with the requirements of I.C. 31-6-7-3. That section provides in pertinent part:

"(a) Any rights guaranteed to the child under the Constitution of the United States, the Constitution of Indiana, or any other law may be waived only:

(1) By counsel retained or appointed to represent the child, if the child knowingly and voluntarily joins with the waiver; or

(2) By the child's custodial parent, guardian, custodian, or guardian ad litem if:

(A) That person knowingly and voluntarily waives the right;

(B) That person has no interest adverse to the child;

(C) Meaningful consultation has occurred between that person and the child; and

(D) The child knowingly and voluntarily joins with the waiver."

As this court previously indicated, I.C. 31-6-7-3 does *not* authorize a unilateral waiver of rights by the child. *Deckard v. State*, (1981) Ind.App., 425 N.E.2d 256. Instead, subsection (a) requires the child be joined in the waiver by her counsel or a custodial parent, guardian, guardian ad litem, or custodian. Additionally, a non-attorney adult who joins the child in the waiver of rights must have "no interest adverse to the child." *See* Comments to I.C. 31-6-7-3. In *Deckard* this court determined the requirements of I.C. 31-6-7-3 are mandated to safeguard the rights of juveniles and must be strictly complied with.

In the present case Borum acknowledges a waiver of rights. She contends, however, the waiver is defective because the caseworker joining her in this waiver had an interest adverse to that of Borum. We agree. The caseworker, an employee of the Department of Public Welfare, the child's legal guardian, initiated the proceedings when she filed the charging petition. In addition, the Department of Public Welfare was represented by an attorney who functioned as the prosecuting agent of the state. It would therefore strain both common sense and reason if we were to conclude the caseworker who joined her in the

---

1. As we noted, Borum waived the right to a three day waiting period between service of summons and the initial hearing. I.C. 31-6-7 5 (Burns Code Ed., Repl.1980) In addition, when she admitted the allegations contained in the petition she waived various other rights afforded a child charged with a delinquent act. These include those specifically set forth at I.C. 31 6 3-1 (Burns Code Ed., Repl.1980):

"(a) Except when the child may be excluded from a hearing under IC 31-6-7-10, the child is entitled:

(1) To cross-examine witnesses;

(2) To obtain witnesses or tangible evidence by compulsory process; and

(3) To introduce evidence on his own behalf.

"(b) A child charged with a delinquent act is also entitled to:

(1) Be represented by counsel under IC 31-6-7-2;

(2) Refrain from testifying against himself; and

(3) Confront witnesses."

*See also* I.C. 31-6-7-1 (Burns Code Ed., Repl. 1980). (In cases in which child is alleged to be a delinquent child, procedures governing criminal trials apply in matters not covered by the Juvenile Code.)

waiver did not have an adverse interest to that of the child. The circumstances here present an even greater danger of conflicting interests than that envisaged in the comments to I.C. 31–6–7–3 wherein it is stated:

> ". . . subsection (a)(2)(b) requires that the non-attorney adult who joins the child in the waiver have 'no interest adverse to the child'. A parent who had referred the child to court as an incorrigible, and who therefore is the chief witness against the child, would not qualify as a person who could lawfully join the child in the waiver of his rights."

West's AIC 31–6–7–3, J. Kieter, Commentary at 304.

Borum's caseworker not only filed the petition initiating proceedings, but was also an employee of the state agency which had effectively assumed the role of an adverse party. The trial court therefore erred as a matter of law when it permitted Borum's caseworker, an agent of the Marion County Department of Public Welfare, to join with the child in the waiver of her rights.

## II

Borum next alleges the trial court erred as a matter of law in assessing a thirty dollar docket fee without first inquiring whether she was indigent. The state, in its brief, concedes the trial court erred in imposing the fee without ascertaining whether Borum was capable of paying the money. We appreciate the state's candor.

I.C. 31–6–9–7 (Burns Code Ed., Repl. 1980) authorizes the trial judge, as a matter of discretion, to charge a delinquent child a docket fee of thirty dollars. However, it is also provided that, unless a matter is specifically covered by the Juvenile Code, procedures governing criminal trials shall apply in cases in which a child is alleged to be delinquent. I.C. 31–6–7–1 (Burns Code Ed., Repl. 1980). According to I.C. 35–1–44–8 (Burns Code Ed., Repl. 1979), whenever the trial court imposes a fine or costs it shall conduct a hearing to determine whether the convicted person is indigent.

Despite Borum's alleged financial predicament,[2] the trial court did not conduct a meaningful hearing to determine Borum's ability to satisfy the obligation. When Borum was unable to pay the fee, she was incarcerated for several days supposedly "in lieu of payment." Then on January 13, 1981, Borum was ordered to "work off" the docket fee by performing services at the Juvenile Court Building.

The trial court's failure to conduct a hearing to determine Borum's indigency is a clear and manifest violation of I.C. 35–1–44–8. Moreover, we point the trial court's attention to the well established rule which prohibits incarceration or the extension of a period of incarceration of an indigent unable to pay fines and costs.[3] *Tate v. Short,* (1971) 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130; *Williams v. Illinois,* (1970) 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586; *Frazier v. Jordan,* (1972 5th Cir.) 457 F.2d 726.

The judgment of the trial court is reversed and the matter remanded for proceedings consistent with this opinion.

SULLIVAN, J., concurs.

MILLER, P. J., sitting by designation, concurs.

---

2. Borum contends the Marion County Children's Guardian Home does not as a matter of established policy allow its residents to hold outside employment. She also alleges the children at the home are paid a rather paltry allowance of 50–75 cents per week which, according to her, was insufficient to pay off the docket fee within the time prescribed by the trial court.

3. The issue of whether an indigent juvenile may be required to perform services or make reimbursement as, for example, a condition of probation, is not before us and we do not address it.