**Richard SPENCER, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 30A01–9303–PC–65.

Court of Appeals of Indiana,
First District.

Nov. 18, 1993.

Publication Ordered March 4, 1994.

Alex R. Voils, Jr., Indianapolis, for appellant-petitioner.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

*STATEMENT OF THE CASE*

NAJAM, Judge.

Richard Spencer appeals the denial of his petition for post-conviction relief from a 1987 judgment entered on his guilty plea for operating a vehicle while intoxicated. We affirm.

## ISSUE

The sole issue presented for our review is whether the trial court erred in denying Spencer's petition for post-conviction relief.[1]

## FACTS

In 1987, the State of Indiana charged Spencer with one count of operating a vehicle while intoxicated, a Class A misdemeanor. Spencer subsequently signed an Advisement and Waiver of Rights form which included the terms of his plea agreement. Then, after a hearing, he changed his plea to guilty and received a suspended sentence. Spencer filed a petition for post-conviction relief on April 26, 1991, alleging that he did not knowingly and voluntarily plead guilty because the trial court did not properly inform him of the consequences of his guilty plea. The post-conviction court conducted a hearing on January 4, 1992, took the matter under advisement and denied Spencer's petition on February 6, 1992. Spencer appeals. We will state additional facts in our discussion.

## DISCUSSION AND DECISION

### Standard of Review

■ The petitioner for post-conviction relief bears the burden of establishing his grounds for relief by a preponderance of the evidence. *Silvers v. State* (1986), Ind., 499 N.E.2d 249, 251. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.* We will reverse the denial of post-conviction relief only when the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction court. *Id.*

### Voluntariness of Plea

Spencer alleges that the trial court did not adequately advise him of the consequences of his guilty plea. He specifically asserts that the court's advisement was deficient because the judge was required to inquire about Spencer's educational background, ability to read the English language and the "extent of his understanding the concept of waiver" in order to satisfy the constitutional requirements set forth in *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. We disagree and conclude that Spencer knowingly and voluntarily pled guilty.

■ First, a misdemeanor defendant may waive his rights by signing a written waiver. *See* IND.CODE § 35-35-1-2(b). A signed plea agreement reciting that the defendant waives the right to a jury trial, the right to confront witnesses and the right against self-incrimination, is an adequate advisement to establish a knowing and voluntary waiver of rights. *Von Hagel v. State* (1990), Ind.App., 568 N.E.2d 549, 550, *trans. denied.* The trial judge is not required personally to advise the defendant of the constitutional rights he is waiving if those rights are recited in the plea agreement. *Moriarty v. State* (1986), Ind., 490 N.E.2d 1106, 1108. Spencer signed a plea agreement which the trial court accepted and which recited the constitutional rights which must be included in a proper *Boykin* advisement. *See* Record at 24–25.

■ Here, however, the trial court went one step further and asked Spencer numerous questions concerning his intention to plead guilty. Spencer responded appropriately when the court asked him the following questions:

(1) whether the signature on the Advisement and Waiver of Rights form was his;

---

1. Spencer stated in both his Appellant's Brief and his Motion for Belated Appeal, which we have granted, that he filed his praecipe on March 13, 1992. However, Spencer did not file his praecipe until March 31, 1992, which makes his praecipe untimely because it was not filed within thirty days after the post-conviction court's entry of final judgment on February 12, 1992. *See* Ind.Appellate Rule 2(A); Ind.Post–Conviction Rule 1, § 7. The State did not request dismissal on this ground, although we may dismiss an appeal sua sponte where the praecipe is not timely filed. *See Bailey v. Sullivan* (1982), Ind. App., 432 N.E.2d 75, 77. However, a post-conviction petitioner may file a petition for permission to file a belated praecipe. Ind.Post–Conviction Rule 2, § 1. Thus, because we prefer to decide cases on their merits, and because Spencer may ultimately secure leave to file a belated praecipe, we will consider the record already before us.

(2) whether his attorney explained the form to him;

(3) whether he wished to change his plea to guilty;

(4) whether he understood that he was giving up his right to a trial;

(5) whether he understood he was giving up each of the other rights of which he was previously advised;

(6) whether he had consumed alcoholic beverages that day;

(7) whether he was taking any medication;

(8) whether he felt he was thinking clearly that day and understood the nature of the proceedings;

(9) whether he was offered any promises in exchange for the plea other than those contained in the plea agreement;

(10) whether he was coerced to plead guilty;

(11) whether his plea was a free and voluntary act.

Record at 47–49.

The trial court's thorough and probing inquiry of Spencer's state of mind leaves no reasonable doubt that Spencer understood the consequences of his guilty plea and that his plea was made knowingly and voluntarily. Thus, Spencer's reliance on *Snowe v. State* (1989), Ind.App., 533 N.E.2d 613, is unavailing. In *Snowe*, we reversed the trial court's denial of the defendant's motion to withdraw her guilty plea because the record showed that nothing took place at the guilty plea hearing other than the "mere offer and acceptance of Snowe's plea." *Id.* at 618. The defendant did not sign a written waiver, and there was no verbal exchange between the court and the defendant. *Id.* Here, the post-conviction court considered both the trial judge's colloquy with Spencer and Spencer's written Waiver and Advisement of Rights form and concluded that Spencer had made a knowing and voluntary plea.

■ Finally, in this appeal, Spencer contends that the post-conviction court's evaluation of the trial judge's *Boykin* advisement was inadequate. He contends that under *Boykin* the trial court's failure to inquire of his educational background, his ability to read the English language and his understanding of the concept of waiver entitles him to relief. Our courts have at least implicitly recognized those factors in decisions interpreting what constitutes a knowing and voluntary waiver of rights under both *Boykin* and Indiana statutes. *See, e.g., Hunt v. State* (1986), Ind.App., 487 N.E.2d 1330, 1334–35; *see also* IND.CODE § 35–35–1–2 (listing specific requirements trial courts should meet to accept misdemeanor guilty plea). However, in *White v. State* (1986), 497 N.E.2d 893, our supreme court adopted a new method of inquiry for assessing collateral attacks on criminal convictions. In *White*, our supreme court held that "a petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35–35–1–2 has not met his burden of proof." *Id.* at 905. All the evidence before the trial court when the plea was entered must be considered. *Id.* In all cases, of course, to satisfy *Boykin* the record must establish that at the time of his plea the defendant knew or was advised that he was waiving his right to a jury trial, his right to confront and cross-examine witnesses and his right against self-incrimination. *Id.*

After reviewing all of the evidence before the post-conviction court, we are satisfied there was no violation of the federal constitutional rights enumerated in *Boykin* and that Spencer has not shown by a preponderance of the evidence that the trial judge failed to make an adequate inquiry which rendered his plea involuntary or unintelligent. Accordingly, we find no error in the post-conviction court's assessment of Spencer's plea.

The denial of post-conviction relief is affirmed.

ROBERTSON and HOFFMAN, JJ., concur.