Clint R. BELDON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 43A03–9502–PC–63.

Court of Appeals of Indiana.

Nov. 21, 1995.

Rehearing Denied Feb. 27, 1996.

Michael A. Dvorak, Hahn, Walz, Knepp, Dvorak and Higgins, South Bend, for Appellant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

STATON, Judge.

This is a consolidated appeal. The first post-conviction relief appeal is from a guilty plea that was entered when Clint R. Beldon ("Beldon") was sixteen years old and charged with operating a motor vehicle with a blood alcohol content of .10 or greater, a class C misdemeanor.[1] The second post-conviction relief appeal is from a guilty plea entered when Beldon was eighteen years of age and charged with operating a vehicle while intoxicated, a class A misdemeanor.[2] These two appeals raise two issues which we have restated. They are:

I.   Did the post-conviction court err when it determined that Beldon, a sixteen year old defendant, was fully informed of his fundamental rights prior to entering his guilty plea.

II.  Did the post-conviction court err when it determined that Beldon, an eighteen year old defendant, was fully informed of his fundamental rights prior to entering his guilty plea.

We conclude that he was not at the age of sixteen and that he was at the age of eighteen. We reverse in part and affirm in part.

The facts most favorable to the judgments reveal that in August 1988, sixteen year-old Beldon was charged with operating a vehicle with a blood alcohol content of .10 or greater, a class C misdemeanor. In September 1988, Beldon appeared without counsel and without a parent or guardian, was advised of his fundamental rights *en masse*, signed a written waiver form, and pled guilty (hereinafter "Plea I"). In 1990, Beldon was charged and pled guilty to operating a vehicle while intoxicated, a class A misdemeanor (hereinafter "Plea II").

Beldon filed petitions for post-conviction relief for each offense wherein he alleged, *inter alia*, that his guilty pleas were invalid because he was not fully advised of his fundamental rights prior to the entry of his pleas. The post-conviction courts denied Beldon's petitions for relief. These matters were consolidated for appellate review.

█ Under the rules of post-conviction relief, the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Weatherford v. State* (1993), Ind., 619 N.E.2d 915, 917, *reh. denied.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Id.*

█ We review all the evidence before the post-conviction court upon a claim that a plea was not made voluntarily and intelligently. *Hinkle v. State* (1992), Ind.App., 605 N.E.2d 200, 202, *trans. denied.* Evidence that the trial judge failed to give one of the statutory advisements does not by itself sustain the petitioner's burden. *Followell v. State* (1991), Ind., 578 N.E.2d 646, 648, *reh. denied.* The petitioner must establish specific facts from which the trier of fact could conclude by a preponderance of the evidence that the trial judge's omission rendered the decision to enter a guilty plea involuntary or unintelligent. *Id.* The petitioner must prove that any erroneous or omitted advisements, if corrected, would have changed his decision to enter the plea. *Id.*

## I.

### *Sixteen Years Old*

For Plea I, Beldon contends that the post-conviction court erred in finding that the trial court adequately determined that Beldon understood, and knowingly and intelligently waived his fundamental rights, after he was given an *en masse* advisement. However, we do not reach Beldon's claim because the record reveals this dispositive issue which we raise *sua sponte*: whether Beldon's guilty plea was defective under IC 31–6–7–3, and if so, whether it constituted fundamental error.

---

1.  Formerly, IND.CODE § 9–11–2–1, now codified at IC 9–30–5–1 (1993).

2.  Formerly IC 9–11–2–2, now codified at IC 9–30–5–2.

By statute, a child[3] cannot unilaterally waive his constitutional rights. IC 31–6–7–3; *Sills v. State* (1984), Ind., 463 N.E.2d 228, 231, *reh. denied.* IC 31–6–7–3 provides in pertinent part:

Any rights guaranteed to the child under the Constitution of the United States, the Constitution of Indiana, or any other law may be waived only:

(1) by counsel retained or appointed to represent the child, if the child knowingly and voluntarily joins with the waiver; or

(2) by the child's custodial parent, guardian, custodian, or guardian ad litem if:

(A) that person knowingly and voluntarily waives the right;

(B) that person has no interest adverse to the child;

(C) meaningful consultation has occurred between that person and the child; and

(D) the child knowingly and voluntarily joins with the waiver.[4]

This statute sets forth a different standard of waiver for juveniles because admissions and confessions by juveniles require special caution. *Patton v. State* (1992), Ind., 588 N.E.2d 494, 495 (quoting *In Re Gault* (1967), 387 U.S. 1, 45, 87 S.Ct. 1428, 18 L.Ed.2d 527). It permits the waiver of a juvenile's rights by either the juvenile's counsel or his parent or guardian. It does not authorize a minor to waive his own rights. *Deckard v. State* (1981), Ind.App., 425 N.E.2d 256, 257, *trans. denied.* Strict compliance with the requirement is necessary to safeguard the rights of juveniles. *Id.*

Our review of the record reveals that on September 16, 1988, Beldon appeared, without counsel, for an initial hearing wherein he received an *en masse* advisement of his fundamental rights. He was then furnished with a Waiver of Rights form which indicated that he knowingly and intelligently waived his right to counsel, and that by pleading guilty, he was knowingly and intelligently waiving his constitutional and statutory rights to: a public and speedy trial by jury; confront and cross-examine witnesses against him; have compulsory process for obtaining witnesses in his favor; and require the State to prove his guilt beyond a reasonable doubt at trial at which he may not be compelled to testify against himself. Thereafter, Beldon indicated to the court his desire to plead guilty, signed the waiver form, and the trial court accepted his plea.

The record indicates that Beldon was not represented by counsel when he entered his guilty plea and the record is devoid of any evidence indicating that Beldon's parent or guardian waived Beldon's rights on his behalf or that his parent or guardian was even present at the hearing. IC 31–6–7–3 permits the waiver of a minor's rights by either the minor's counsel or his parent or guardian. Here, Beldon unilaterally waived his own rights in contravention of the statute. *Sills, supra,* at 231. Because the waiver was improperly executed, Beldon's guilty plea was not made knowingly, voluntarily or intelligently.

For purposes of post-conviction relief, a claim that a waiver of rights was not knowing, intelligent, and voluntary constitutes a claim that rises to the level of fundamental error. *Capps v. State* (1992), Ind.App., 598 N.E.2d 574, 577, *trans. denied.* Because Beldon's defective guilty plea constituted fundamental error, we reverse his conviction under Plea I for operating a vehicle while intoxicated with a blood alcohol content of .10 or greater.

## II.

### *Eighteen Years Old*

For Plea II, Beldon contends that the post-conviction court erred in determining

---

**3.** Formerly IC 31–6–1–2 defined a child as a person under eighteen years of age. Now Codified at IC 31–6–1–9.

**4.** IC 31–6–7–3 has been recently amended to include this additional subsection:

(3) by the child, without the presence of a custodial parent, guardian, or guardian ad litem, if the child knowingly and voluntarily consents to the waiver and the child has been emancipated:

(A) under IC 31–6–4–15.7;

(B) by virtue of having married; or

(C) in accordance with the laws of another state or jurisdiction.

*See* West's A.I.C. § 31–6–7–3(a)(3) (Supp.1995).

that he was advised and understood his fundamental rights prior to pleading guilty. A misdemeanor defendant, by signing a written waiver, may waive his right to: (1) a public and speedy trial by jury; (2) confront and cross-examine witnesses; (3) have compulsory process for obtaining witnesses in his favor; and (4) require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself. IC 35–35–1–2.

Before a guilty plea may be considered voluntary and intelligent, the record must disclose that the defendant knew he was waiving three particular constitutional rights, commonly referred to as *Boykin* rights: the right to trial by jury, the right to confrontation, and the right against self-incrimination. *Slone v. State* (1992), Ind.App., 590 N.E.2d 635, 638; *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

A signed plea agreement reciting that the defendant waives his *Boykin* rights is an adequate advisement to establish a knowing and voluntary waiver of rights. *Spencer v. State* (1993), Ind.App., 634 N.E.2d 500, 501. The trial judge is not required personally to advise the defendant of the constitutional rights he is waiving if those rights are recited in the plea agreement. *Id.*

Our review of the record reveals that prior to pleading guilty, Beldon signed a Waiver of Rights form which indicated that by pleading guilty, he knowingly and freely waived his constitutional and statutory rights to: (1) a public and speedy trial by jury; (2) confront and cross-examine witnesses against him; (3) have compulsory process for obtaining witnesses in his favor; and (4) require the State to prove his guilt beyond a reasonable doubt at a trial at which he may not be compelled to testify against himself. This is sufficient to establish that Beldon was advised of his rights, and knowingly and voluntarily waived them. *Id.*

Additionally, before accepting Beldon's guilty plea, the trial court questioned Beldon regarding the waiver of rights set forth on the bottom of the waiver form and asked him if he had the opportunity to read

and understand these rights to which Beldon replied, "Yes, sir." Thereafter, Beldon, who appeared with counsel, indicated that it was his desire to give up these rights in order to plead guilty as reflected by his signature on the bottom of the form. Beldon also stated that his guilty plea was made with a free and clear mind without the influence of drugs or alcohol and was a product of his own free will. The trial court's inquiry coupled with Beldon's signature and acknowledgment of the written waiver form supports the post-conviction court's finding that Beldon understood the nature of his guilty plea, and knowingly and voluntarily waived his *Boykin* rights. *Id.* at 502. The post-conviction court properly denied Beldon's claim as to Plea II.

Affirmed in part, reversed in part, and remanded.

GARRARD and KIRSCH, JJ., concur.