Troy E. WEHNER, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 03A04–9608–PC–307.

Court of Appeals of Indiana.

Aug. 20, 1997.

J. Andrew Woods, Loveall and Woods, Franklin, for appellant-petitioner.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for appellee-respondent.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant–Petitioner, Troy Wehner ("Wehner") appeals the trial court's denial of his petition for post-conviction relief. We affirm.

### Issue

Wehner presents one issue for our review which we rephrase as: whether the waiver of his rights was conducted properly prior to his entering a guilty plea to Reckless Driving, a class B misdemeanor.

### Facts and Procedural History

On June 8, 1987, then sixteen-year-old Wehner was ticketed for Reckless Driving. On July 13, 1987, the State sent Wehner a notice indicating that charges of Reckless Driving had been filed against him. When Wehner appeared for a September 23, 1987 initial hearing, the trial court read an en masse advisement of rights to all those present in the courtroom. After inquiring as to Wehner's age and being informed of his desire to plead guilty, the trial judge reviewed a waiver of rights, withdrawal of plea of not guilty, and a plea of guilty with him. The trial court proceeded to lay a factual basis for Wehner's guilty plea, then entered judgment and sentence. While it appears that Weh-

ner's father was present, the record is devoid of any evidence indicating that Wehner's father waived Wehner's rights on his behalf. Rather, Wehner unilaterally waived his own rights.

On March 29, 1996, Wehner filed his first petition for post-conviction relief. At the post-conviction hearing, Wehner testified that at the time he pled guilty to Reckless Driving, (1) he was not represented by an attorney; (2) he did not review his constitutional rights with his father; (3) he did not understand that the State was required to prove him guilty beyond a reasonable doubt; (4) he did not understand he had a right to a jury trial; (5) he did not understand he had the right to have witnesses called on his behalf; (6) his initial hearing was the first time he had ever appeared in a court of law; and (7) he was a nervous sixteen-year-old. In an April 29, 1996 order, the court stated: "The court having this matter under advisement now denies the defendant's motion for post-conviction relief." (R. 4). Wehner appeals that denial.

### Discussion and Decision

Wehner argues that the court committed fundamental error in denying his petition for post-conviction relief because his guilty plea was defective. In support, he cites *Beldon v. State,* 657 N.E.2d 1241, 1244 (Ind.Ct.App. 1995), *trans. denied,* for its proposition that, "By statute, a child cannot unilaterally waive his constitutional rights." *Id.* at 1244 (citing Ind.Code § 31–6–7–3 [1] and *Sills v. State,* 463 N.E.2d 228, 231 (Ind.1984), *overruled on other grounds, Wright v. State,* 658 N.E.2d 563,

---

**1.** Our legislature recodified the family and juvenile law of this state effective July 1, 1997. However, we use the pre-July 1, 1997 citations for convenience and because the sections relevant to Wehner's case have not been substantively changed by the very recent recodification.

Indiana Code Section 31–6–7–3 provides:
(a) Any rights guaranteed to the child under the Constitution of the United States, the Constitution of Indiana, or any other law may be waived only:
 (1) by counsel retained or appointed to represent the child, if the child knowingly and voluntarily joins with the waiver;
 (2) by the child's custodial parent, guardian, custodian, or guardian ad litem if:

---

570 (Ind.1995)). Rather than disagreeing with *Beldon* 's application to the present case, the State asserts on appeal that Wehner's claim is barred by laches.[2]

"In post-conviction proceedings, the defendant-petitioner has the burden of establishing his grounds for relief." *Curry v. State,* 674 N.E.2d 160, 161 (Ind.1996). Thus, because Wehner now appeals from a denial of relief, he is appealing from a negative judgment. When appealing a negative judgment, the defendant must convince us that the evidence presented during the post-conviction proceedings is without conflict and, as a whole, leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Id.*

In *Beldon,* the sixteen-year-old defendant appeared without counsel or a parent for his initial hearing on September 16, 1988. After receiving an en masse advisement of his fundamental rights and a waiver of rights form, Beldon indicated to the court his desire to plead guilty to operating a motor vehicle with a blood alcohol content of .10 or greater, a class C misdemeanor. He then signed the waiver form, and the trial court accepted his plea. In reversing Beldon's conviction due to fundamental error, a panel of this court stated:

> The record indicates that Beldon was not represented by counsel when he entered his guilty plea and the record is devoid of any evidence indicating that Beldon's parent or guardian waived Beldon's rights on his behalf or that his parent or guardian was even present at the hearing. IC 31–6–7–3 permits the waiver of a mi-

 (A) that person knowingly and voluntarily waives the right;
 (B) that person has no interest adverse to the child;
 (C) meaningful consultation has occurred between that person and the child; and
 (D) the child knowingly and voluntarily joins with the waiver; . . .
(b) The child may waive his right to meaningful consultation under subsection (a)(2)(C) if he is informed of that right, if his waiver is made in the presence of his custodial parent, guardian, custodian, guardian ad litem, or attorney, and if the waiver is made knowingly and voluntarily.

**2.** We do not reach the State's laches defense because of our resolution of the *Beldon* issue.

nor's rights by either the minor's counsel or his parent or guardian. Here, Beldon unilaterally waived his own rights in contravention of the statute. *Sills, supra,* at 231. Because the waiver was improperly executed, Beldon's guilty plea was not made knowingly, voluntarily or intelligently.

*Beldon,* 657 N.E.2d at 1244.

■■■■■ We agree that Ind.Code § 31–6–7–3 sets forth a different standard of waiver for juveniles because admissions and confessions by juveniles require special caution. *Beldon,* 657 N.E.2d at 1244 (citing *Patton v. State,* 588 N.E.2d 494, 495 (Ind.1992)). While it permits the waiver of a juvenile's rights by either the juvenile's counsel or by his parent or guardian after consultation with the juvenile, it does not authorize a minor to waive his own rights. *Beldon,* 657 N.E.2d at 1244. We also agree that strict compliance with the requirement is necessary to safeguard the rights of juveniles. *Id.* However, we do not agree that *Beldon* or Ind.Code § 31–6–7–3 is applicable in Wehner's case.

Prior to 1990, Indiana's Juvenile Code specifically did "not apply to a child who violate[d]: ... any traffic law, if the child [was] sixteen (16) years of age or older at the time of the violation." Ind.Code § 31–6–2–1(b)(1) (repealed by P.L. 1–1990, sec. 277). Thus, a child of at least sixteen who committed a traffic offense would not have received the protections afforded to juvenile confessions by the juvenile code. After some debate, the legislature eventually clarified what exactly constitutes a violation of a traffic law for purposes of juvenile jurisdiction and its attendant protections. "A juvenile court has exclusive original jurisdiction over ... [p]roceedings in which a child less than sixteen (16) years of age is alleged to have committed an act that would be a misdemeanor traffic offense, if committed by an adult;" and "[p]roceedings in which a child is alleged to have committed an act that would be an offense under IC 9–30–5, if committed by an adult." Ind.Code § 31–6–2–1.1(a)(8) and (9). The juvenile code specifically does not apply to a "child at least sixteen (16) years of age who allegedly committed a violation of a traffic law, the violation of which is a misdemeanor, unless the violation is an offense under IC 9–30–5." Ind.Code § 31–6–2–1.1(b)(1).

Beldon was charged with, and pled guilty to, operating a motor vehicle with a blood alcohol content of .10 or greater, a class C misdemeanor. It is debatable whether OWI was considered a traffic offense at the time Beldon committed it, thus not entitling him to the juvenile code's protections. However, since then it has become clear that a juvenile in the same situation as Beldon would be considered a child "alleged to have committed an act that would be an offense under IC 9–30–5, if committed by an adult." *See* Ind. Code § 31–6–2–1.1(a)(9). That is, such a person's case would properly be governed by the juvenile code and that person would be entitled to the juvenile waiver safeguards of Ind.Code § 31–6–7–3.

In contrast, then-sixteen-year-old Wehner was charged with and pled guilty to reckless driving, a class B misdemeanor. Because the juvenile code at that time did not apply to a child who violated any traffic law if the child was at least sixteen year of age at the time of the violation, Wehner's reckless driving charge did not warrant the protections of the juvenile code. *See also Gressel v. State,* 429 N.E.2d 8, 10 (Ind.Ct.App.1981) (holding that seventeen-year-old's "reckless driving is a traffic offense clearly within the statutory definition and within the *exclusion* of juvenile jurisdiction") (emphasis added). This conclusion is further bolstered by the fact that the same conclusion is obtained even analyzing Wehner's case under the current statute.

Because of his age, Wehner was not a "child less than sixteen (16) years of age ... alleged to have committed an act that would be a misdemeanor traffic offense, if committed by an adult" under Ind.Code § 31–6–2–1.1(a)(8). Because he was charged with reckless driving rather than OWI, Wehner was not a "child ... alleged to have committed an act that would be an offense under IC 9–30–5, if committed by an adult" under Ind.Code § 31–6–2–1.1(a)(9). Instead, Wehner fit squarely within Ind.Code § 31–6–2–1.1(b)(1). That is, he was a "child at least sixteen (16) years of age who allegedly committed a violation of a traffic law [other than an offense

under IC 9–30–5], the violation of which is a misdemeanor." The juvenile code explicitly does not apply to those who fall within the confines of Ind.Code § 31–6–2–1.1(b)(1). Thus, under both the old and the new statutes, Wehner was not entitled to the protections afforded by Ind.Code § 31–6–7–3. Accordingly, the fact that Wehner's unilateral waiver of his rights was not in compliance with Ind.Code § 31–6–7–3 is of no consequence.

Affirmed.

RILEY and HOFFMAN, JJ., concur.