Garnet **EVERROAD**, Appellant–
Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 03A01–9909–PC–327.

Court of Appeals of Indiana.

June 22, 2000.

Garnet Everroad, Flat Rock, Indiana, Appellant Pro Se.

Karen M. Freeman–Wilson, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

### OPINION

BROOK, Judge

#### Case Summary

Appellant-defendant Garnet Everroad ("Everroad") appeals the trial court's denial of his motion to correct erroneous sentence. We remand.

#### Issues

Everroad presents one issue for review: whether the trial court erred in denying his motion to correct erroneous sentence.

#### Facts and Procedural History

On November 26, 1997, a jury convicted Everroad of possession with intent to deliver marijuana[1] and maintaining a common nuisance,[2] both as Class D felonies. On December 16, 1997, the trial court sentenced Everroad to three years on each count, to be served consecutively to each other and to a sentence he is currently serving in federal prison, with one year of the common nuisance sentence to be sus-

---

1. *See* IND.CODE § 35–48–4–10.

2. *See* IND.CODE § 35–48–4–13.

pended. As conditions of his probation, the trial court ordered Everroad to pay the following: a $100 initial fee and a $15 monthly fee to the probation department; $125 in court costs to the clerk; $1,470 to the Bartholomew County Sheriff's Department as reimbursement for pre-trial detention; a $10,000 "joint and several" fine for each conviction;[3] and a $300 "drug abuse, prosecution, interdiction and correction fee."

On July 2, 1999, Everroad filed a motion to correct erroneous sentence under Indiana Code Section 35–38–1–15, claiming that the trial court erred in failing to hold an indigency hearing before imposing fines and costs. After considering the State's response, the trial court denied Everroad's motion on August 10, 1999.

## Discussion and Decision

■ Initially, we note that "[a] petition for post-conviction relief, not use of a motion to correct erroneous sentence, is the preferred procedure for presenting a sentencing error." *Funk v. State*, 714 N.E.2d 746, 748–49 (Ind.Ct.App.1999), *trans. denied.*

> However, a motion to correct erroneous sentence may be used to correct those errors "where the sentence is erroneous on its face." A facially defective sentence is one "that violates express statutory authority *at the time* the sentence is pronounced." A motion to correct erroneous sentence is proper where the error may be deemed "fundamental." "Such fundamental error would include illegal sentences in violation of express statutory authority or an erroneous in-

terpretation of a penalty provision of a statute."

*Id.* at 749 (citations omitted). Everroad asserts that his sentence is facially defective under Indiana Code Section 35–38–1–18(a), which provides in relevant part, "Whenever the court imposes a fine, it *shall* conduct a hearing to determine whether the convicted person is indigent." (Emphasis added.)

The State responds that because we would be required to look beyond the sentencing order to determine whether Everroad was "entitled to the benefit of an indigency hearing," the trial court properly denied his motion to correct erroneous sentence. However, because we hold that Everroad was entitled to an indigency hearing as a matter of law, we address the merits of his contentions.

### A. $10,000 Fine

In *Meeker v. State*, 182 Ind.App. 292, 302, 395 N.E.2d 301, 307 (1979), this court first recognized that Indiana Code Section 35–38–1–18[4] places an affirmative duty on a trial court to conduct an indigency hearing when imposing a fine as part of a defendant's sentence.[5] Concluding that the trial court had neglected this duty, but noting that the statute did not require courts to hold sentencing and indigency hearings in any particular order, the *Meeker* court remanded with instructions to hold an indigency hearing. *See id.*, 182 Ind.App. at 302, 395 N.E.2d at 307–08. The *Meeker* court further concluded that "the finding of [a defendant's] indigency

---

**3.** As the trial court explained, "if one of these [convictions] for some reason on appeal were to get overturned, there would still be the [$10,000] fine on the other one. But it's not a total of [$20,000]. It's just [$10,000], but I'm applying it jointly to those."

**4.** Formerly IND.CODE § 35–1–44–8. For purposes of clarity, we refer to the current version of the statute where applicable.

**5.** The *Meeker* court determined that "[t]he indigency issue cannot be waived," citing

Indiana Code Section 35–50–5A–1 (now 35–38–3–2), which reads in relevant part:

> (b) The judgment must include: . . .
> (3) the amount of the fines or costs assessed, if any, *whether or not the convicted person is indigent*, and the method by which the fines or costs are to be satisfied[.]

*Meeker*, 182 Ind.App. at 302, 395 N.E.2d at 307 n. 6 (emphasis added). The court continued, "We are unable to determine how if the determination of indigency was waived a court could comply with this statute." *Id.*

for the purpose of appointing defense counsel" is not determinative of his "ability to pay court costs and fines," noting that "[t]he determinations are related, but independent, ones and are left to the discretion of the trial court." *Id.*, 182 Ind.App. at 302, 395 N.E.2d at 307 n. 5.[6]

In *Marshall v. State*, 505 N.E.2d 853 (Ind.Ct.App.1987), the trial court assessed a fine of $5,000 against the defendant without conducting an indigency hearing. A different panel of this court cited *Meeker* for the following propositions: "A finding of indigency for the purpose of appointing defense counsel is not conclusive in regard to a defendant's ability to pay a fine. The order of sentencing and conducting the indigency hearing is not critical or reversible so long as an indigency hearing, which is mandatory, is conducted." *Id.* at 857 (citations omitted). The *Marshall* court then made the following additional observations:

> Incarceration is prohibited where an indigent defendant cannot pay his fine. *Borum v. State*, [434 N.E.2d 581, 584 (Ind.Ct.App.1982)].[7] The purpose of the rule is to ensure that the indigent defendant would not be imprisoned for failure to pay the fine.
>
> *Clearly, Marshall was indigent.* The statute states that, "[i]f he is *not indigent,* the court shall order: ..." Subsections (a)(1) through (b)(2) of the section state the compulsions by which the fine can be enforced. We assume, by reverse inference, that if the defendant

is indigent, no fine shall be enforced. However, the statute does not state that the trial court cannot impose a fine. We are of the opinion that the fine, at this point, cannot be enforced against Marshall, but since no effort to enforce it is being made and he is not being coerced in any manner provided in the statute, he has no appealable issue.

*Id.* (initial emphasis added). Consequently, the *Marshall* court affirmed the trial court without remanding for an indigency hearing.

In *Whitehead v. State*, 511 N.E.2d 284 (Ind.1987), *cert. denied,* 484 U.S. 1031, 108 S.Ct. 761, 98 L.Ed.2d 773 (1988), our supreme court addressed the claims of a defendant who had been assessed a $1,000 fine plus restitution:

> Concerning the fine, [Indiana Code Section] 35-50-2-3 ... allows the court to impose a fine of up to $10,000. However, [Indiana Code Section] 35-38-1-18(a) ... provides that when the court imposes a fine on the defendant, it must conduct a hearing to determine if the defendant is indigent. *Here, the trial court was aware of Appellant's indigency because it appointed pauper appellate counsel.* The State concedes that when a fine is imposed upon an indigent, the trial court must expressly state that the defendant shall not be imprisoned for failing to pay the fine.

*Id.* at 296 (emphasis added) (citation omitted). The *Whitehead* court then remanded

---

**6.** The *Meeker* court explained its reasoning as follows:

> To find an individual "indigent" in regard to a particular statute, is to find that individual in need of the benefit, consideration, or dispensation thereby conferred. That is, the *status* of the indigency is closely related to the *purpose* of the statute. We are unable to say that a finding of indigency in regard to the appointment of trial counsel – a constitutional right – is the same as a finding that the individual is indigent in regard to his ability to pay court costs and fines – a legitimate state interest.

*Meeker*, 182 Ind.App. at 302, 395 N.E.2d at 307 n. 5.

**7.** In *Borum,* the juvenile appellant was incarcerated for failing to pay a $30 docket fee that the trial court had imposed without determining her indigency. The *Borum* court stated,

> The trial court's failure to conduct a hearing to determine Borum's indigency is a clear and manifest violation of [Indiana Code Section 35-38-1-18]. Moreover, we point the trial court's attention to the well established rule which prohibits incarceration or the extension of a period of incarceration of an indigent unable to pay fines and costs.

*Borum*, 434 N.E.2d at 584 (citations omitted).

with instructions to vacate a concomitant restitution order "and to add language indicating Appellant shall not be imprisoned for failing to pay the court ordered fine." *Id.*

Finally, in *Bitner v. State,* 546 N.E.2d 117 (Ind.Ct.App.1989), yet another panel of this court addressed issues raised by a defendant who had been represented by appointed trial and appellate counsel, but had also been ordered to pay fines, costs, and restitution without benefit of an indigency hearing:

> A finding of indigency for the purpose of appointing defense counsel is not conclusive as to a defendant's ability to pay a fine or cost. [Citations to *Marshall* and *Meeker* omitted.] But a trial court can be made aware of a defendant's indigency when it appoints pauper counsel. [Citation to *Whitehead* omitted.] . . .
>
> [Indiana Code Section] 35–38–1–18(a) provides, in pertinent part: "Whenever the court imposes a fine, it *shall* conduct a hearing to determine whether the convicted person is indigent." (Emphasis supplied).
>
> In *Meeker, supra,* this court determined that an affirmative duty is placed upon the trial court by statute to conduct an indigency hearing, so it was error for the trial court to impose fines and costs upon Bitner without deciding whether he was indigent.
>
> The supreme court's holding in *Whitehead, supra,* was that when a fine is imposed on an indigent defendant, the trial court *must* expressly state in the sentence that the defendant shall not be imprisoned for failing to pay the fine. This court's decision in *Marshall, supra,* that no appealable issue is presented until an effort is made to enforce the fines and costs, was therefore impliedly overruled by the supreme court in *Whitehead.*
>
> The factual situation in *Whitehead* was similar to that in *Marshall:* a defendant had been fined and costs imposed without an indigency hearing. On appeal, the courts in both *Whitehead* and *Marshall* concluded the defendant was indigent. The court in *Marshall,* while determining the fines and costs could not be enforced because the defendant was indigent, found that no appealable issue had been raised. The supreme court in *Whitehead,* however, remanded the matter to the trial court with instructions to add language to the sentence providing the defendant would not be imprisoned for a failure to pay the fines and costs imposed.
>
> The record of Bitner's sentencing, however, does not provide this court with sufficient evidence as to Bitner's indigency. The record reveals that the trial court merely inquired whether Bitner had the "money or means" to employ counsel for appeal, to which Bitner responded, "No, sir." Although Bitner had been determined to be indigent for the purpose of receiving pauper counsel during the proceedings in the trial court, no evidence presented to the trial court appears in the record on appeal. We cannot conclude, as the courts in *Marshall* and *Whitehead* could, that the defendant is indigent for the purpose of paying fines and costs. We must, therefore, remand for an indigency hearing pursuant to the applicable statutes.

*Id.* at 119–20 (citations omitted).

We have reviewed the case law interpreting Indiana Code Section 35–38–1–18(a) to demonstrate how its moorings have shifted and reshifted since our initial consideration of the statute in *Meeker.* Although the *Marshall* court acknowledged *Meeker's* requirement of an indigency hearing for the purpose of determining a defendant's ability to pay a fine, it nevertheless made its own finding of indigency without remanding for a hearing, concluding under *Borum* that the fine had not been and could not be enforced against Marshall. The *Whitehead* court made no mention of *Meeker's* hearing requirement and based its finding of indigency on the trial court's appointment of pauper appel-

lant counsel. Given this historical perspective, it appears that in the process of ensuring that indigent defendants would not be incarcerated for failing to pay their fines, the threshold requirement of an indigency hearing became lost in the shuffle.

■ Therefore, we move beyond *Bitner's* mere acknowledgement of *Meeker* and reiterate that Indiana Code Section 35–38–1–18(a) imposes an affirmative duty on a trial court to hold an indigency hearing when imposing a fine on a defendant. When viewed in conjunction with the mandatory statutory language,[8] the facts of this case militate even more strongly for such a result. While Bitner apparently expressed an interest in pursuing an appeal and denied that he had either "money or means" to do so, Everroad informed the trial court that he did not wish to challenge his convictions. Thus, aside from a tangential reference to his financial circumstances in a presentence memorandum, Everroad had no opportunity to demonstrate to the trial court his ability (or inability) to pay a fine. We remand for an indigency hearing on this issue.[9]

### B. $1,470 Reimbursement for Pre-Trial Detention Costs

■■ Indiana Code Section 33–19–2–3 provides that "[w]hen the court imposes costs, it *shall* conduct a hearing to determine whether the convicted person is indigent." (Emphasis added.) As did the *Meeker* court with respect to fines under Indiana Code Section 35–38–1–18, we conclude that Indiana Code section 33–19–2–3 imposes an affirmative duty on a trial court to conduct an indigency hearing when imposing costs on a criminal defendant.[10] Given that we must remand for the trial court to conduct such a hearing, we first address Everroad's assertion that the trial court erred in ordering him to reimburse the Bartholomew County Sheriff's Department, in whose custody he was kept upon his transfer from federal confinement.[11]

Everroad argues that the State and Bartholomew County had "the sole obligation for [his] care and custody" under the Interstate Agreement on Detainers, which reads in relevant part as follows:

> From the time that a party state receives custody of a prisoner pursuant to this agreement until such prisoner is returned to the territory and custody of the sending state, the state in which the one or more untried indictments, informations or complaints are pending or in which trial is being had shall be responsible for the prisoner and shall also pay all costs of transporting, caring for, keeping and returning the prisoner.... *Nothing herein contained shall be construed to alter or affect any internal relationship among the departments, agencies and officers of and in the government of a party state, or between a party state and its subdivision, as to the payment of costs, or responsibilities therefor.*

IND.CODE § 35–33–10–4, Art. 5(h) (emphasis added). Everroad has failed to address the italicized portion of the statute, which

---

8. *See Murray v. Hamilton County Sheriff's Dept.*, 690 N.E.2d 335, 340 (Ind.Ct.App.1997) ("Ordinarily, the word 'shall' in a statute is presumed to be mandatory, unless it is clear from the context that the General Assembly intended otherwise.") (citations omitted). We find no such contrary indication here.

9. Because Everroad did not request commitment to the county jail in lieu of a fine under Indiana Code Section 35–38–1–18(a)(4), and because he has not defaulted in the payment of the fine under subsection (b) of the statute, we need not address his contention that he

should be credited with $20 per day of incarceration and accordingly be discharged of his obligation.

10. When a trial court imposes both fines and costs on a criminal defendant, it need not conduct separate indigency hearings.

11. The record suggests that Everroad was transferred from a federal facility in Iowa to the Bartholomew County Sheriff's Department to face prosecution on the instant charges.

neither prohibits the State from determining the responsibilities for paying incarceration costs nor exempts prisoners from shouldering this responsibility. Indiana Code Section 35–50–5–4, which governs prisoner reimbursement of counties for incarceration costs, reads in relevant part as follows:

(a) This section applies only:

(1) if the county in which a criminal proceeding was filed adopts an ordinance under [Indiana Code Section] 36–2–13–15; and

(2) to a person who is sentenced under this article for a felony or a misdemeanor.

(b) At the time the court imposes a sentence, the court may order the person to execute a reimbursement plan as directed by the court and make repayments under the plan to the county for the costs described in [Indiana Code Section] 36–2–13–15.

(c) The court shall fix an amount under this section that:

(1) may not exceed an amount the person can or will be able to pay.

(2) does not harm the person's ability to reasonably be self-supporting or to reasonably support any dependent of the person; and

(3) takes into consideration and gives priority to any other restitution, reparation, repayment, costs, fine, or child support obligations the person is required to pay.

■ Indiana Code Section 36–2–13–15 provides in relevant part:

(b) This section applies to a county only if the legislative body for the county elects by ordinance to implement this section.

(c) A person who is:

(1) sentenced under this article for a felony or a misdemeanor;

(2) subject to lawful detention in a county jail for a period of more than seventy-two (72) hours;

(3) not a member of a family that makes less than 150% of the federal income poverty level; . . .

shall reimburse the county for the costs described in subsection (d).

(d) A person described in subsection (c) shall reimburse the county for the sum of the following amounts:

(1) The lesser of:

(A) the per diem amount specified under subsection (e); or

(B) thirty dollars ($30);

multiplied by each day or part of a day that the person is lawfully detained in a county jail or lawfully detained under [Indiana Code Section] 35–33–11–3 for more than six (6) hours.

(2) The direct cost of investigating whether the person is indigent.

(3) The cost of collecting the amount for which the person is liable under this section.

Unfortunately, the record does not indicate whether Bartholomew County has elected by ordinance to implement Section 36–2–13–15. Therefore, we shall leave this determination to the trial court on remand, with instructions to comply with the applicable provisions of the statute if it finds after an indigency hearing that Everroad is able to reimburse the county for the cost of his pre-trial detention.

### C. $300 Drug Abuse, Prosecution, Interdiction and Correction Fee

■ Finally, Everroad argues that the trial court erred in imposing this $300 fee because it did not specifically state whether the fee was intended as an allegedly improper form of restitution. Because imposition of such a fee is specifically authorized under Indiana Code Section 33–19–6–9, we summarily reject Everroad's argument. However, we note that in addition to the indigency hearing requirement imposed by Indiana Code Section 33–19–2–3

regarding costs, Indiana Code Section 33–19–6–9 contains a similar provision:

(b) The court shall assess a drug abuse, prevention, interdiction, and correction fee of at least two hundred dollars ($200) and not more than one thousand dollars ($1,000) against a person convicted of an offense under [Indiana Code Section] 35–48–4.

(c) *In determining the amount of the drug abuse, prosecution, interdiction, and correction fee assessed under subsection (b), a court shall consider the person's ability to pay the fee.*

(Emphasis supplied.) Therefore, we remand to the trial court for a hearing to determine whether Everroad is able to pay the $300 fee.

Remanded.

DARDEN, J., and MATTINGLY, J. concur.